UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. MILLER,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SERGEANT M. SOTO,<br><br>　　　　　Defendant. | Case No.: 1:20-cv-01117-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>[ECF No. 1] |

　　　Plaintiff Christopher Miller is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Plaintiff filed the instant action on August 4, 2020, in the United States District Court for the Northern District of California. On August 11, 2020, the action was transferred to this Court. (ECF No. 5.) On August 18, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 10.)

**I.**

**SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

1

1  or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary
2  relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28
3  U.S.C. § 1915A(b).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader is
5  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do
7  not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550
8  U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated
9  in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

10       Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally
11 construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th
12 Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which
13 requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is
14 liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,
15 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and
16 "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility
17 standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

18       **II.**
19       **SUMMARY OF ALLEGATIONS**

20       The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the
21 screening requirement under 28 U.S.C. § 1915.

22       Plaintiff is a convicted sex offender.  On January 24, 2019, Investigative Service Unit (ISU)
23 agents, directed by Sergeant M. Soto, entered Plaintiff's dorm.  After vacating other inmates, Plaintiff
24 was handcuffed and required to face the wall.  Plaintiff's property was searched for nonexistent child
25 pornography.  During the search, Sergeant M. Soto subjected Plaintiff to hostile interrogation abuse.
26 Plaintiff was threatened with violence multiple times.  "I haven't punched a guy in handcuffs in a long
27 time but you're tempting me!"  Plaintiff was also subjected to cruel epithets, such as "pervert", "sick
28 fuck", etc.  Plaintiff's family was also mocked.  Plaintiff was told he would receive a new child

pornography charge and that he would never get out of prison. Plaintiff repeatedly asked questions about his guilt, but was not allowed dissent. Plaintiff's questions were mocked or responded to with more threats of violence. Sergeant Soto held Plaintiff's acoustic guitar and intentionally broke six strings on it causing permanent damage.

When Sergeant Soto was unable to find pornography, his anger intensified. Soto intentionally took Plaintiff's television and CDs. ISU agent Hermosillo told Plaintiff "Don't 602 (appeal) this." Plaintiff believed the statement as a retaliation threat.

Plaintiff wrote a letter to Warden Fisher describing the event and expressing his fear of retaliation. Plaintiff receive a response from Lieutenant Barksdale.

On August 27, 2019, Sergeant Soto retaliated against Plaintiff by confiscating almost all of his property. After enormous effort, Plaintiff received most of it back minus the CDs and the television.

In order to cover up the abusive conduct, Plaintiff was served two rules violation reports. Plaintiff was punished for both violations which will almost certainly prevent him from being released on parole. During the second search, Sergeant Soto told Plaintiff that he would write the reports as damaging as possible to prevent his release on parole.

One of the rules violation report was for borrowing another inmate's personal photographs, which were loaned to Plaintiff for twenty-four hours to view. The photographs were benign and no different than any other photographs possessed by other inmates. Sergeant Soto worded the rules violation report to imply something illicit. Plaintiff urged the reviewers of his inmate appeal to actually look at the evidence, but they accepted the word of Sergeant Soto.

The other rules violation report was for behavior which encourages illegal sexual acts. Again, the evidence was ignored in favor of ISU's inflammatory report.

Plaintiff contends that Sergeant Soto's conduct constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks declaratory judgment, injunctive relief, and/or compensation.

///

///

///

# III.

# DISCUSSION

### A.  Issuance of False Rules Violation Reports

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). However, "[n]ot every injury that a prisoner sustains while in prison represents a constitutional violation." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Rather, to maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Id. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986).

To establish cruel and unusual punishment in violation of the Eighth Amendment, a prisoner must demonstrate "unnecessary and wanton infliction of pain." Id. (citation and internal quotation marks omitted). Here, Plaintiff alleges that Defendant knowingly issued two false rules violation report against him, resulting impacting his chance for release on parole and emotional and mental stress. However, "[t]he issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Cauthen v. Rivera, No. 1:12–cv–01747 LJO DLB PC, 2013 WL 1820260, at *10 (E.D. Cal. April 30, 2013) (citing Uribe v. Taylor, No. 2:10–cv–02615–DAD–P, 2012 WL 4953176, at *7 (E.D. Cal. Oct. 12, 2012); Jones v. Prater, No. 2:10–cv–01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff."); Lopez v. Celaya, No. C 06–5071 TEH (PR), 2008 WL 205256, at *5 (N.D. Cal. 2008) ("A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.")). Plaintiff is therefore unable to state a cognizable Eighth Amendment claim and this claim is subject to dismissal.

### B.  Confiscation of Property

To the extent Plaintiff is seeking to bring a separate constitutional claim based on the confiscation of his television and CDs, his claim fails.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Here, Plaintiff indicates that his television and CDs were wrongfully confiscated.  Such claim is unauthorized deprivation, which is not cognizable under § 1983.  Plaintiff's property claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state a cognizable due process claim.

### C. Inmate Appeal Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. at 221.  Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Similarly, Plaintiff may not impose liability on a defendant simply because he or she played a role in processing or responding to Plaintiff's inmate appeals.  See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)

(because an administrative appeal process is only a procedural rights, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983."). Therefore, Plaintiff cannot seek liability against any prison official for his/her involvement in reviewing and denying his inmate appeals.

### D.   Declaratory Relief

Plaintiff seeks a declaratory judgment that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's constitutional rights is unnecessary.

### E.   Monetary Compensation for Emotional Damages

Plaintiff may not seek damages for emotional distress on his federal claims.

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (back and leg pain and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not de minimis).

The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages arising from a constitutional violation which are not based on alleged mental or emotional injuries. Oliver, 289 F.3d at 630.

///

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be granted leave to file an amended complaint to cure the deficiencies identified in this order, if he believes he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **August 20, 2020**

UNITED STATES MAGISTRATE JUDGE