**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER J. MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT M. SOTO,<br><br>　　　　Defendant. | Case No.: 1:20-cv-01117-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF No. 17) |

Plaintiff Christopher Miller is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed December 1, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On January 24, 2019, Investigate Service Unit (ISU) agents, directed by sergeant M. Soto, entered Plaintiff's dorm. After vacating other inmates, Plaintiff was handcuffed and required to face the wall. Plaintiff's property was searched for non-existent child pornography. During the search, sergeant Soto subjected Plaintiff to hostile interrogation abuse. Plaintiff was threatened with violence multiple times. Soto stated, "I haven't punched a guy in handcuffs in a long time but you're tempting me!" Plaintiff was also subjected to epithets such as "pervert," "sick fuck," etc. Plaintiff's family was also mocked. Plaintiff was told he would receive a new child pornography charge and that he would never get out of prison. Plaintiff was repeatedly asked questions about his guilt, but was not allowed to dissent. Plaintiff's answers were mocked or responded to with more threats of violence. Sergeant

Soto held Plaintiff's acoustic guitar and intentionally broke six strings on it causing permanent damage.

When sergeant Soto was unable to find pornography, his anger intensified. Soto intentionally took Plaintiff's television and CDs. ISU agent Hermosillo told Plaintiff, "Don'[t] 602 (appeal) this." Plaintiff believed this to be a threat.

Plaintiff wrote a letter to Warden Fisher describing the event and expressing his fear of retaliation. Plaintiff received a response from lieutenant Barksdale.

On August 27, 2019, sergeant Soto retaliated against Plaintiff by confiscating almost all of his property. After enormous effort, Plaintiff received most of his property back minus the stolen discs and television.

Plaintiff was not provided procedural due process protections. He was not afford the right to documentary evidence. Plaintiff contends that both disciplinary reports were filed in retaliation for the exercise of a constitutional right. The first rules violation report was issued as a form of vigilante injustice as there was no legitimate basis for the violation. The letters contained no specifically sexually explicit statements, no profanity, and did not encourage illegal sexual activity as worded in the violation. The second rules violation report was issued in retaliation. No third level appeal was issued which violated Plaintiff's constitutional due process rights.

Eventually, Plaintiff will face an ultra-conservative parole board. He will be required to explain his two apparent acts of "immoral" conduct.

## III.
## DISCUSSION

**A.     Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

3

1  advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To
2  state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the
3  protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). Mere verbal
4  harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief
5  under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition,
6  threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.
7  1987).

8       Liberally construed, Plaintiff's allegation that Sergeant Soto retaliated against Plaintiff by
9  confiscating his property after he wrote a letter to the Warden describing his alleged misconduct is
10 sufficient, at the pleading stage, to state a cognizable claim for retaliation.

11      **B.    False Rules Violation Reports/Retaliation/Due Process**

12      Prisoners do not have a liberty interest in being free from false accusations of misconduct. This
13 means that the falsification of a report, even when intentional, does not alone give rise to a claim under
14 § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no
15 constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may
16 result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216,
17 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from
18 wrongfully issued disciplinary reports[ ]").

19      However, there are two ways that allegations that an inmate has been subjected to a false
20 disciplinary report can state a cognizable civil rights claim: (1) when the prisoner alleges that the false
21 disciplinary report was filed in retaliation for his exercise of a constitutional right; and (2) when the
22 prisoner alleges that they were not afforded procedural due process in a proceeding concerning a false
23 report. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) (discussing retaliation claim against a
24 correctional officer based upon the correctional officer's false accusations of violating a prison rule);
25 Freeman, 808 F.2d at 951 (holding that the filing of a false disciplinary charge against a prisoner is not
26 actionable under § 1983 if prison officials provide the prisoner with procedural due process
27 protections); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984) (same).
28 ///

4

Here, Plaintiff alleges that Defendant Sergeant Soto authored two false Rules Violation Reports. However, Plaintiff has not alleged any facts demonstrating that the false reports were filed in retaliation for his exercise of a constitutional right. Further, Plaintiff has failed to allege facts sufficient to establish that he was not provided the procedural due process protections set forth in Wolff during the resulting disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 564–71 (1974)

With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).  The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56.

Based on Plaintiff's allegations, Plaintiff states a cognizable claim against Defendant Soto for issuing the two allegedly false RVRs in retaliation.

Although Plaintiff contends that his procedural due process rights were violated because he was not offered the right to documentary evidence, Plaintiff fails to provide sufficient factual allegations to support such claim, despite being previously advised to do so.  (See ECF No. 16 at 6.) Further, Plaintiff does not identify who allegedly violated his procedural due process protections.  (Id.) Moreover, Plaintiff's claim that Defendant Soto issued false rules violation report, alone, does not give rise to a due process claim.  Accordingly, Plaintiff fails to state a cognizable procedural due process claim.

### C. Inmate Appeal Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005).

Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Failing to properly process a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Accordingly, Plaintiff fails to state a cognizable claim for the lack of processing and/or handling of his inmate appeals.

### D. Stolen Property

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff's claim that his television and compact discs were wrongfully stolen, is based on a negligent or unauthorized deprivation, which is not actionable under the Fourteenth Amendment. Because Plaintiff's claim reflects a random and unauthorized deprivation of property, it is not cognizable under section 1983.  Plaintiff's property claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court.  Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).  Accordingly, Plaintiff fails to state a cognizable due process claim.

### E. Further Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).  However, futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).   A court's discretion in deciding whether to allow further amendments to a complaint is "particularly broad" when the court has already granted plaintiff leave to amend. See Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002); see also Rich v. Shrader, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed.") (citation and brackets omitted).  The exercise of the court's discretion to deny further leave to amend is especially warranted when the amended complaint merely repeats the deficiencies of the original complaint. See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal with prejudice of first amended complaint that was "as verbose, confusing and conclusory as the initial complaint").  Where further amendment would be futile, dismissal without leave to amend is appropriate. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir.2013).

Plaintiff was previously notified of the applicable pleading and legal standards and the deficiencies in his pleading in the Court's prior screening orders.  Despite guidance from the Court, Plaintiff's third amended complaint is substantially similar to his second amended complaint and does not give rise to a cognizable due process violation.  Based upon the allegations in Plaintiff's third

amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts to support his claims, and that further amendment would be futile. Hartmann, 707 F.3d at 1129-30 (9th Cir. 2013); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### IV.
### ORDER AND RECOMMENDATIONS

Based on the foregoing, the Court finds that Plaintiff has stated a cognizable retaliation claim against Defendant Sergeant Soto for confiscating his property after he wrote a letter to the Warden describing his alleged misconduct and for issuing the two allegedly false rules violation reports. However, Plaintiff has failed to state any other cognizable claims. For the reasons explained above, further leave to amend would be futile.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall assign a Fresno District Judge to this action

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's retaliation claim against Defendant Soto; and
2. All other claims be dismissed from the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2020**

UNITED STATES MAGISTRATE JUDGE