UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT M. SOTO,<br><br>　　　　Defendant. | Case No.: 1:20-cv-01117-AWI-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS<br><br>(ECF No. 38) |

　　　　Plaintiff Christopher Miller is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On September 17, 2021, Plaintiff filed a motion for an extension of time to respond to Defendant's discovery requests served on August 13, 2021. Defendant filed an opposition on September 28, 2021, and Plaintiff filed a reply on October 5, 2021.

　　　　Federal Rule of Civil Procedure 16 provides that a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed. R. Civ. P. 16(d). A party seeking leave of court to amend a pleading, with implications for the schedule of a case, must first satisfy Rule 16(b)'s "good cause" standard. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1991); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). This good cause evaluation "is not coextensive with an inquiry

1

into the propriety of the amendment under ... Rule 15." <u>Id.</u> at 609. Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, <u>id.</u>, and that party's reasons for seeking modification, <u>C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.</u>, 654 F.3d 975, 984 (9th Cir. 2011).  "Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d at 609.

Plaintiff seeks an additional sixty days to respond to Defendant's first set of discovery requests in order to allow the Court to rule on his request for appointment of counsel and because "[d]ue to incredible inconvenience of incarceration, legal work is a laborious, frustrating endeavor, and Law Library Access is limited."  (ECF No. 38 at 2.)

In opposition, Defendant argues Plaintiff's request for an extension of time should be denied because the Court has already denied his request for appointment of counsel, and he has failed to demonstrate good cause based on the alleged lack of access to the law library and incarceration status.

In response, Plaintiff argues that while he "is not flatly prevented from complying, he is instead prevented from thoroughly and properly complying[,]" and "[h]e has no understanding of the process of discovery or even if the Defendant's interrogatories and admissions requests are entirely proper or if Plaintiff is under obligation to respond to all of them." (ECF No. 40 at 1-2.)

Although Plaintiff's request is lacking in factual detail, given Plaintiff's pro se status and incarceration, the Court finds good cause to extend the time to respond to Defendant's first set of discovery requests.  However, Plaintiff is advised that in seeking any further extensions of time, he must describe the specific efforts and process he has made in attempting to comply with the applicable deadline and/or what specific research or other actions are necessary to comply with the deadline.  In light of this extension of time, the Court finds good cause to extend the discovery and correlating dispositive motion deadlines by sixty days.

///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted sixty (60) days from the date of service of this order to respond to Defendant's first set of discovery requests; and

2. The discovery deadline is extended to April 4, 2022, and the dispositive motion deadline is extended to June 10, 2022. All other provisions of the Court's June, 2, 2021, scheduling order remain in effect.

IT IS SO ORDERED.

Dated:   **October 6, 2021**

UNITED STATES MAGISTRATE JUDGE