**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHRISTOPHER J. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT M. SOTO,<br><br>Defendant. | ) | Case No.: 1:20-cv-01117-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 48) |

Plaintiff Christopher Miller is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed April 21, 2022.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's retaliation claim against Defendant Soto.

Defendant filed an answer to the complaint on March 29, 2021. After an unsuccessful settlement conference, the Court issued the discovery and scheduling order June 2, 2021.

As previously stated, on April 21, 2022, Plaintiff filed the instant motion to compel. Defendant filed an opposition on May 2, 2022, and Plaintiff did not file a reply. Local Rule 230(l).

///

///

## II.

## LEGAL STANDRD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 35. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.

## DISCUSSION

Plaintiff seeks an order compelling Defendant to produce documents in response to his request for production of documents, set number one.

Defendant opposes Plaintiff's motion and argues the motion should be denied based upon the objections made in response and based upon the official information privilege.

///

///

///

Request No. 1: "Copies of all relevant documents such as policy statements, guidelines, incident reports or other written materials made at Valley State Prison relevant to Defendant's participation in any discussions, incidents or investigation regarding Plaintiff." (ECF No. 49-1, at 5.)

Defendant objected and responded as follows:

> Objection. The request, as phrased, is overbroad in scope and in time. Plaintiff's operative complaint against Defendant alleges claims for First Amendment retaliation based on the confiscation of Plaintiff's personal property items in 2019 and the issuance of two allegedly false Rules Violation Reports in 2019. As a result, documents related to "Defendant's participation in any discussions, incidents or investigation regarding Plaintiff" either before or after 2019 are irrelevant to any claims or defenses in this action. Similarly, documents related to "Defendant's participation in any discussions, incidents or investigation regarding Plaintiff" that have no connection to events at issue in Plaintiff's lawsuit are likewise irrelevant. Moreover, production of such records would cause undue burden and expense and is not proportional to the needs of the case. Fed. R. Civ. Pro. 26(b)(1).
>
> Furthermore, this request is vague, ambiguous and unintelligible without further definition of the terms "relevant", "incidents" and "investigation". It is unclear what documents Plaintiff deems "relevant". It is further unclear if the term "incidents" is intended to include any event involving Plaintiff, or something else entirely. It is likewise unclear if the term "investigation" is intended to include any particular investigation or any investigative activities related to any event whatsoever. The request is also vague, ambiguous and unintelligible because it is unclear what policy statements or guidelines may be responsive to this request.
>
> Moreover, the request, as phrased, seeks attorney work-product because it in effect asks for defense counsel's opinions or impressions what is "relevant". The request is also compound because it seeks multiple documents within one request. To the extent that this request seeks any confidential CDCR documents related to any investigations that involve the Plaintiff, such documents are protected from disclosure pursuant to the official information privilege and will not be produced. (*see* Declaration of Litigation Coordinator H. Castro.)

(ECF No. 49-1 at 5-6.)

**Ruling:** Plaintiff's motion to compel a further response to Request No. 1 shall be denied. Defendant's objections are sustained. As to scope, the request is overbroad and over burdensome in that it seeks "all relevant documents," which could refer to an enormous universe of documents. As to time, the request is overbroad in that it seeks documents over a span of several years and it is not limited to the time frame as alleged in the complaint. Moreover, the request is vague and ambiguous as to the request for records of "relevant", "incidents", and "investigations." Finally, the request is

both overbroad and over burdensome because it does not specify which, if any, of these incidents he requests records related to and does not specify that the records sought are related to any of these incidents. Defendant cannot be expected to guess at what records Plaintiff seeks. Accordingly, Plaintiff's motion to compel is denied.

Request No. 2: "Defendants should offer names of any other knowledgeable or responsible persons relevant." (ECF No. 49-1 at 6.)

Defendant objected and responded as follows: "This request is improper pursuant to the Federal Rule of Civil Procedure (FRCP) 34 because it improperly seeks identification of witnesses instead of production or inspection of documents. This request also violates FRCP 34 because it does not describe with reasonable particularity each item or category of items to be produced or inspected. Moreover, as phrased, this request is vague, ambiguous and unintelligible without further definition of the terms 'knowledgeable', 'responsible' and 'relevant'. Accordingly, Defendant is unable to respond to this request, as phrased."

**Ruling:** Plaintiff's motion to compel shall be denied. Pursuant to Federal Rule of Civil Procedure 34, a "party may serve on any other party a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] ..., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Here, Defendant's objections are sustained. This request is improper because it seeks identification of witnesses instead of production or inspection of documents . In addition, the request does not describe with reasonable particularity each item or category of items to be produced or inspected. Lastly, the request is vague, ambiguous and unintelligible as to the terms "knowledgeable", "responsible", and "relevant." Accordingly, Plaintiff's motion to compel is denied.

///

///

///

///

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 48), filed on April 21, 2022, is DENIED.

IT IS SO ORDERED.

Dated: **May 27, 2022**

UNITED STATES MAGISTRATE JUDGE