UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>SERGEANT M. SOTO,<br><br>  Defendant. | Case No.: 1:20-cv-01117-AWI-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' REQUEST TO SEAL DOCUMENTS, WITHOUT PREJUDICE<br><br>(ECF No. 52) |

Plaintiff Christopher Miller is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' notice of request to seal documents pursuant to Local Rule 141. (ECF No. 52.) Although the time for Plaintiff to file an opposition has not passed, the Court deems the motion submitted as it must be denied as procedurally defective.

**I.**

**LEGAL STANDARD**

There is a presumption in favor of public access to court records. See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp. (Phillips), 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern whether documents should be sealed: a "compelling reasons" standard, and a "good cause" standard. Id. at 1179; Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir.

1

2010).  The "good cause" and "compelling reasons" standards should not be conflated; a "good cause" showing will not, without more, satisfy the "compelling reasons" test.  Kamakana, 447 F.3d at 1180.

Generally, the compelling reasons standard is applied.  See Ctr. for Auto Safety v. Chrysler Grp., LLC (Auto Safety), 809 F.3d 1092, 1096–97 (9th Cir. 2016).  Under the compelling reasons standard, the party seeking to have a document sealed must articulate compelling reasons supported by specific factual findings; it must identify the interests that favor secrecy; and it must show that these specific interests outweigh the general history of access and the public policies favoring disclosure, such as the public's interest in understanding the judicial process.  Kamakana, 447 F.3d at 1179–81.  The Ninth Circuit has indicated that " 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.' "  Id. at 1179 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 & n.7 (1978)).  "[S]ources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal," as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.  See Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1221–22, 1225 (Fed. Cir. 2013) (quoting Nixon, 435 U.S. at 597–98).  On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  Kamakana, 447 F.3d at 1179 (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)).  Nor is the fact that the parties have agreed to keep information confidential.  See generally, Foltz, 331 F.3d 1122.  Indeed, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."  Kamakana, 447 F.3d at 1184.  Rather, a party must "articulate compelling reasons supported by specific factual findings."  Id. at 1178 (citations omitted).

The "good cause" standard is an exception that the Ninth Circuit "carved out . . . for sealed materials attached to a discovery motion unrelated to the merits of a case" or documents only tangentially related to the underlying cause of action.  Auto Safety, 809 F.3d at 1097; see also Kamakana, 447 F.3d at 1179–80 (a "particularized showing" under the "good cause" standard of Rule

26(c) will "suffice [] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions."). While it "presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard," Pintos, 605 F.3d at 678, the party seeking protection nevertheless bears the burden of showing specific prejudice or harm will result, Phillips, 307 F.3d at 1210–11, and must make a "particularized showing of good cause with respect to any individual document," San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). For example, a "particularized showing" that public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden" will suffice to seal non-dispositive records. Fed. R. Civ. P. 26(c)(1); Kamakana, 447 F.3d at 1180. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, are insufficient. Phillips, 307 F.3d at 1211 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)).

Additionally, Local Rule 141 provides that requests to seal shall set forth: (1) the statutory or other authority for sealing; (2) the requested duration; (3) the identity, by name or category, of persons to be permitted access to the documents; and (4) all other relevant information. E.D. Cal. L.R. 141(b). Finally, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. See, e.g., Ervine v. Warden, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Ct. of Cal., 464 U.S. 501 (1986)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. See Foltz, 331 F.3d at 1137; see also In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 425 (9th Cir. 2011) ("a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure."). "[I]f the court decides to seal certain judicial records, it must . . . articulate the factual basis for its ruling, without relying on hypothesis or conjecture.' " Kamakana, 447 F.3d at 1179 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)); see also Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011).

///
///
///

## II.

## ANALYSIS

In their motion to seal, Defendants submit that the declarations of E. Guthery, B. Klein, and M. Soto "contain information that would, if provided to the public or introduced to the prison environment by the Plaintiff, pose a serious risk of disruption of the prison environment, increase the risk of harm to the plaintiff, subvert penological investigative goals, and provide inmates house in California Department of Corrections and Rehabilitation (CDCR) facilities with the information necessary to subvert investigations and avoid detention by CDCR staff. (citations omitted). Further the records contain private information related to CDCR inmates other than the plaintiff. Failure to seal these records will violate these individuals' privacy and confidentiality and risk harm to those individuals." (Mot. at 1-2.)

Plaintiff requests to seal three exhibits attached to declarations of E. Guthery, B. Klein, and M. Soto which consist of (1) Rules Violation Report; (2) Memorandum for Appeal Log Number VSP-C-19-01818; and (3) Memorandum marked Confidential regarding Plaintiff and another inmate. While Defendants claim that these documents contain information that should be filed under seal, they fail to make any "particularized showings" or provide any further elaboration with respect to each of the three discrete exhibits. Kamakana, 447 F.3d at 1180. Nor have Defendants made a showing that some specific harm or prejudice will result if the documents are not sealed. Beckman Indus., Inc., 966 F.2d at 476; Phillips, 307 F.3d at 1211. Furthermore, Defendants do not demonstrate that the request to seal is narrowly tailored, nor do they address whether redaction, rather than sealing, is appropriate. See Foltz, 331 F.3d at 1137; Roman Catholic Archbishop of Portland, 661 F.3d at 425. For these reasons, the Court denies Defendants' request to seal these documents, without prejudice.

///
///
///
///

## V.

## CONCLUSION AND ORDER

4

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants request to seal the exhibits attached to the declarations of E. Guthery, B. Klein, and M. Soto, is DENIED without prejudice;[1] and

2. The Clerk of the Court shall RETURN the documents submitted in connection with Defendants' request to seal pursuant to Local Rule 141(e)(1);

IT IS SO ORDERED.

Dated: __June 15, 2022__

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court finds adjudication by a magistrate judge of this motion appropriate. See E.D. Cal. L.R. 302(c)(1) ("all stipulations and motions relating to protective orders and sealing documents submitted or filed for hearing before discovery cutoff."); see also, e.g., Ambriz v. CVS Pharmacy, Inc., No. 1:19-cv-01391-NONE-BAM, 2020 WL 4368364, at *1 (E.D. Cal. July 30, 2020) (denial by magistrate judge of joint request to seal).