UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>SERGEANT M. SOTO,<br><br>        Defendant. | Case No.: 1:20-cv-01117-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO SEAL DOCUMENTS PURSUANT TO LOCAL RULE 141<br><br>ORDER FOR CLERK OF COURT TO FILE DOCUMENTS UNDER SEAL<br><br>(ECF No. 54) |

Plaintiff Christopher Miller is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's request to seal documents pursuant to Local Rule 141, filed June 20, 2022. (ECF No. 54)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant M. Soto for retaliation based on two searches of Plaintiff's cell and two rules violation reports.

Defendant filed an answer to the complaint on March 29, 2021. (ECF No. 25.)

After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on June 2, 2021. (ECF No. 35.)

Defendant filed a motion for summary judgment on June 9, 2022, along with a separate request to seal documents pursuant to Local Rule 141.  (ECF Nos. 51, 52.)

On June 15, 2022, the Court denied Defendant's request to seal, without prejudice.  (ECF No. 53.)

On June 20, 2022, Defendant filed an amended request to seal documents pursuant to Local Rule 141.  (ECF No. 54.)  On July 13, 2022, Plaintiff filed a response to Defendant's request to seal. (ECF No. 60.)

## II.

## LEGAL STANDARD

Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a). It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b).

The "showing required by law" referred to by our Local Rule is a high one. The court operates under a strong presumption in favor of access to court records. Ctr. For Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request. Id.  The compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing the record and (2) articulate the factual basis for sealing the record, without relying on hypothesis or conjecture. Id. at 1096-97. The court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. Id. at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.' " Id. (quoting Nixon v. Warner Commnc'ns, Inc., 435 U.S. 589, 599 (1978)). Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." Id.

///

///

///

2

## III.

## DISCUSSION

In the request to seal documents, Defendant requests the Court to seal Exhibit A to the Declaration of B. Klein and Exhibit A to the Declaration of E. Guthery. Defendant asserts that the documents contain confidential information which may jeopardize the safety of Plaintiff, other inmates, the institution, and the investigative process.

In response, Plaintiff submits, "he entirely yields to this Court's judgment on this matter, expressing neither support nor opposition to Defendant's motion to seal." (ECF No. 60.)

### A.  Exhibit A to the Declaration of B. Klein

Defendant submits that Exhibit A to the Declaration of B. Klein shall be sealed pursuant to Title 15 of the California Code of Regulations, § 3321.

The Court has reviewed Exhibit A to the Declaration of B. Klein in camera and finds that the confidential report it contains information which, if known to the inmate, would endanger the safety of other individuals and jeopardize the security of the institution. Therefore, disclosing the confidential report to Plaintiff and the public in general would endanger the safety of Plaintiff and the other inmates named therein. (Declaration of B. Klein ¶¶ 6-11, Ex. A.) These considerations justify the filing of Exhibit A to the Declaration of E. Guthery under seal. See, e.g., Hawthorne v. Cain, No. 10-0528-BAJ, 2012 WL 611636, at *4 (M.D. La. Jan. 23, 2012) (noting that the court adequately protected the plaintiff's due process interests by in camera review of confidential materials filed under seal in support of motion for summary judgment), report and recommendation adopted, No. 10-528-BAJ-DLD, 2012 WL 611611 (M.D. La. Feb. 24, 2012); Perkins v. Stockman, No. 1:04-CV-5806-LJO-DLB-P, 2007 WL 613866, at *1 (E.D. Cal. Feb. 27, 2007) (noting that based on the sensitive nature of certain documents the Court's in camera review protected Plaintiff's due process rights), report and recommendation adopted, No. 1:04-CV-05806-LJO-DLB-P, 2007 WL 951797 (E. D. Cal. Mar. 28, 2007). Accordingly, Defendant's request to seal Exhibit A to the Declaration of B. Klein shall be granted.

///

///

### B.    Exhibit A to the Declaration of E. Guthery

Defendant submits that the October 21, 2019 confidential supplement to the appeal and appeal/allegation inquiry cannot be released to inmates without violating Title 15 of the California Code of Regulations, § 3084.9(i)(3)(B)(1).

The Court has reviewed Exhibit A to the Declaration of E. Guthery in camera and finds that it includes information that may endanger the safety of Plaintiff and other inmates, information that may jeopardize the safety of the institution by risking assault or injury on inmates housed by CDCR and officers involved in responding to such incidents, and information that may expose the manner in which investigations are conducted which would permit inmates to avoid detection with such knowledge.  These considerations justify the filing of Exhibit A to the Declaration of E. Guthery under seal.  See Hawthorne v. Cain, 2012 WL 611636, at *4; Perkins v. Stockman, 2007 WL 613866, at *1.  Accordingly, Defendant's request to seal Exhibit A to the Declaration of E. Guthery shall be granted.

### IV.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's Request to Seal Documents, submitted on June 20, 2022, is granted;
2. The Clerk is instructed to file under seal the following:
   (a) Exhibit A to the Declaration of B. Klein;
   (b) Exhibit A to the Declaration of E. Guthery; and
3. The foregoing materials shall be maintained under seal until the conclusion of this case and any appellate proceedings, at which time only the Court will have access to them.

IT IS SO ORDERED.

Dated:   **July 27, 2022**

UNITED STATES MAGISTRATE JUDGE