# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>SERGEANT M. SOTO,<br><br>  Defendant. | Case No. 1:20-cv-01117-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE A SURREPLY<br><br>(ECF No. 69) |

Plaintiff Christopher Miller is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to file a surreply, filed August 26, 2022.

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply);

Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford pro se litigants additional leniency. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does not extend to permitting surreplies as a matter of course and the Court is not generally inclined to permit surreplies absent an articulation of good cause why such leave should be granted.

Here, Plaintiff seeks leave to file a surreply "[b]ecause the Defendant's version of the facts disagree so strongly with Plaintiff's, and because the issue of summary judgment is so gravely important, Plaintiff requests the opportunity to reply." (ECF No. 69.) Plaintiff's simple desire to have the final word is not an adequate basis upon which to allow him to file a surreply. See Garcia v. Biter, 195 F.Supp.3d 1131, 1134 (E.D. Cal. 2016) (denying plaintiff's motion for leave to file a surreply because defendants did not raise new issues or arguments, but rather "cited to the record, their motion ...various legal authorities and substantively addresse[d] those new issues raised by plaintiff in his opposition."). As Plaintiff has not offered any valid basis upon which the Court should exercise its discretion to permit the filing of a surreply, Plaintiff's motion for leave to file a surreply is DENIED.

IT IS SO ORDERED.

Dated:   **August 29, 2022**

UNITED STATES MAGISTRATE JUDGE