# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. MILLER, | Case No. 1:20-cv-01117-AWI-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| SERGEANT M. SOTO, | (ECF Nos. 51, 71, 72) |
| Defendant. | |

Plaintiff Christopher J. Miller is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Soto's motion for summary judgment, filed on June 9, 2022, and Plaintiff's motion for summary judgment on October 6, 2022.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant Soto for retaliation in violation of the First Amendment.

Defendant filed an answer to the complaint on March 29, 2021.  After an unsuccessful settlement conference, the Court issued the discovery and scheduling order on June 2, 2021.

On June 9, 2022, Defendant a motion for summary judgment.  (ECF No. 51.)  Plaintiff filed an opposition on August 10, 2022, and Defendant filed a reply on August 18, 2022.  (ECF Nos. 67, 68.)

On October 6, 2022, Plaintiff filed a motion for summary judgment.  (ECF No. 71.)  On October 24, 2022, Defendant filed a motion to strike Plaintiff's motion for summary judgment and opposition to the motion for summary judgment.  (ECF No. 72.)  Plaintiff filed a response on November 16, 2022.  (ECF No. 73.)

## II.

## LEGAL STANDARD

### A.    Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In reviewing cross-motions for summary judgment, a court is required to consider each motion on its own merits. Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two, 249 F.3d

1132, 1136 (9th Cir. 2001). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." Id.

In arriving at these Findings and Recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**III.**

**DISCUSSION**

**A.     Summary of Complaint**

On January 24, 2019, Investigate Service Unit (ISU) agents, directed by sergeant M. Soto, entered Plaintiff's dorm.   After vacating other inmates, Plaintiff was handcuffed and required to face the wall.  Plaintiff's property was searched for non-existent child pornography. During the search, sergeant Soto subjected Plaintiff to hostile interrogation abuse.  Plaintiff was threatened with violence multiple times.  Soto stated, "I haven't punched a guy in handcuffs in a long time but you're tempting me!"  Plaintiff was also subjected to epithets such as "pervert," "sick fuck," etc.  Plaintiff's family was also mocked.  Plaintiff was told he would receive a new child pornography charge and that he would never get out of prison.  Plaintiff was repeatedly asked questions about his guilt, but was not allowed to dissent.  Plaintiff's answers were mocked or responded to with more threats of violence.  Sergeant Soto held Plaintiff's acoustic guitar and intentionally broke six strings on it causing permanent damage.

When sergeant Soto was unable to find pornography, his anger intensified.  Soto intentionally took Plaintiff's television and CDs.  ISU agent Hermosillo told Plaintiff, "Don't[t] 602 (appeal) this."  Plaintiff believed this to be a threat.

Plaintiff wrote a letter to Warden Fisher describing the event and expressing his fear of retaliation.  Plaintiff received a response from lieutenant Barksdale.

On August 27, 2019, sergeant Soto retaliated against Plaintiff by confiscating almost all of his property.  After enormous effort, Plaintiff received most of his property back minus the stolen discs and television.

Plaintiff was not provided procedural due process protections.  He was not afford the right to documentary evidence.  Plaintiff contends that both disciplinary reports were filed in retaliation for the exercise of a constitutional right.  The first rules violation report was issued as a form of vigilante injustice as there was no legitimate basis for the violation.  The letters did not contain sexually explicit statements, profanity, and did not encourage illegal sexual activity as worded in the violation.  The second rules violation report was issued in retaliation.  No third level appeal was issued which violated Plaintiff's constitutional due process rights.

Eventually, Plaintiff will face an ultra-conservative parole board.  He will be required to explain his two apparent acts of "immoral" conduct.

**B.    Statement of Undisputed Facts[1]**

1.    From January 18, 2019 through October 4, 2019, Plaintiff was housed at Valley State Prison (VSP).  (Third Am. Compl., ECF No. 17.)

2.    Plaintiff's third amended complaint proceeds on three allegations of retaliation by Defendant Soto.  First, Plaintiff contends that Soto retaliated against him by confiscating his compact disks and never returning them.  Second, Plaintiff contends Soto retaliated by writing an August 28, 2019 rules violation report (RVR) against Plaintiff.  Third, Plaintiff alleges Soto retaliated by writing a September 17, 2019 RVR against him.  (Id. at 6.)

3.    Plaintiff alleges that all three acts by Soto were in retaliation for Plaintiff writing a June 24, 2019 letter to the Warden at VSP.  (Id. at 6; Declaration of A. Corso (Corso Decl.), Ex. A, Pl. Dep. at 33:10-14.)

4.    Plaintiff confirmed at his deposition that the two RVRs he believed to be retaliatory are RVR Log No. 6896600, issued by Soto on August 28, 2019, and RVR Log No. 6906242, issued by officer Klein on September 17, 2019.  (Pl. Dep. at 27:12-25.)

---

[1] Hereinafter referred to as "UF."

5.      On January 23, 2019, officer B. Klein, of the Sierra Conservation Center (SCC) Investigative Service Unit (ISU), contacted the ISU at VSP and requested that the VSP ISU complete a search of Plaintiff's cell for contraband materials related to SCC's investigation. (Declaration of B. Klein (Klein Decl.) ¶¶ 5-6, Ex. A (filed under seal); Declaration of E. Guthery (Guthery Decl.), Ex. A (filed under seal); Declaration of M. Soto (Soto Decl.) ¶ 4; Declaration of G. Hermosillo (Hermosillo Decl.) ¶ 3.)

6.      On January 24, 2019, the VSP ISU-including Soto and officer Hermosillo – conducted a search of Plaintiff's cell and confiscated documents, property, and any potential evidence related to SCC's investigation.  This search was done at the request of the SCC ISU.  Evidence from this search were provided to the SCC ISU.  (Klein Decl. ¶ 6; Soto Decl. ¶ 4; Hermosillo Decl. ¶ 4, Guthery Decl. Ex. A (filed under seal).)

7.      During the January 24, 2019 search of Plaintiff's cell, officer H. Mendoza confiscated an SD card that was contained with Plaintiff's property and copied the contents of that SD card onto a compact disk.  (Soto Decl. ¶ 7, Ex. A.)

8.      Plaintiff admits any compact disks were confiscated before his June 24, 2019 letter to the Warden.

9.      Plaintiff admits he is "not claiming that anything happened in January [2019], the first search, had anything to do with retaliation.  (Pl. Dep. at 41:14-19.)

10.      There exists no evidence that Soto was informed of Plaintiff's June 24, 2019 letter to the warden until after the start of this litigation on August 4, 2020.  Soto denies any knowledge of Plaintiff's June 24, 2019 letter to the warden until after the initiation of this litigation on August 4, 2020.  (Guthery Decl. ¶¶ 6-7, Ex. B; Soto Decl. ¶ 13.)

11.      On July 1, 2019 a letter instructing Plaintiff to proceed through the grievance process was sent to Plaintiff in response to his June 24, 2019 letter to the warden.  (Guthery Decl. ¶ 8, Ex. B.)

12.       Plaintiff testified that any alleged retaliation by Soto was the result of his June 24, 2019 letter to the warden.  (Pl. Dep. at 33:10-14.)

13.      Plaintiff admits he never discussed his June 24, 2019 letter to the warden with

Soto.  (Pl. Dep. at 33:15-17.)

14.     On July 9, 2019, Plaintiff was interviewed by the SCC ISU.  During the interview Plaintiff admitted he provided an inmate housed at SCC with the name of an individual outside of the California Department of Corrections and Rehabilitation (CDCR) who would send pictures of young boys to inmates.  (Klein Decl. ¶ 9, Ex. A (filed under seal).

15.     Plaintiff testified he gave an inmate at SCC the name of Leopold Peters, who had a service sending photographs of children to inmates.  (Pl. Dep. at 74:13-23.)

16.     Plaintiff admits the photographs of children discovered in his cell on August 27, 2019 were not his property and were "borrowed" from another inmate housed at VSP.  This is a violation of Title 15 § 3191, which reads "An inmate may not exchange, borrow, loan, give away or convey personal property to or from other inmates."  (Pl. Dep. at 39:14-18, 42:9-12, 93:13-15; Guthery Decl. ¶ 5, Ex. A (filed under seal); Soto Decl. ¶¶ 8-9, Ex. C; Hermosillo Decl. ¶ 4.)

17.     The inmate-owner of the photographs found in Plaintiff's cell admitted to Soto that the photographs belonged to him and that he loaned them to Plaintiff.  (Soto Decl. ¶ 10, Ex. A at 1.)

18.     Based upon the photographs discovered in Plaintiff's cell on August 27, 2019, Soto issued RVRs for violations of Title 15 § 3192 to both Plaintiff and the inmate that loaned him the photographs of children.  Plaintiff and the other inmate were charged with "borrowing" and "loaning" photographs, respectively, both violations of Title 15 § 3192.  (Soto Decl. ¶ 10, Ex. B.)

19.     No compact disks were confiscated during the August 27, 2019 search of Plaintiff's cell.  (Hermosillo Decl. ¶ 6; Soto Decl ¶ 5; Corso Decl, Ex. B, Pl. Resp. to Interrog. No. 3.)

20.     Based upon the investigation started at SCC on January 28, 2019, SCC officer Klein issued RVR 6906242 to Plaintiff on September 17, 2019.  Plaintiff was charged with and found guilty of violations of Title 15 sections 3005(c)(15)(A) and (B), "conspiring to introduce and distribute obscene materials within the institution."  Plaintiff was found guilty of these violations based upon his referral of an SCC inmate to Leopold Peters.  (Klein Decl. ¶¶ 10-11,

1    Ex. B.)

2        21.    Plaintiff does not believe that the September 17, 2019, RVR was retaliatory.

3    (Corso Decl. Ex. B, Pl. Resp. to Interrog. Nos. 5, 7.)

4        22.    Plaintiff admits the September 17, 2019 RVR No. 6906242 was written by officer

5    Klein from SCC, approved by T. Giannini from SCC, and that Soto was not present during the

6    RVR hearing.  (Corso Decl. Ex. C, Pl. Resp. to Req. for Admis. Nos. 2, 3, 4.)

7        **C.    Plaintiff's Motion for Summary Judgment**

8        As previously stated, on October 6, 2022, Plaintiff filed a motion for summary judgment.

9    (ECF No. 71.)  On October 24, 2022, Defendant filed a motion to strike Plaintiff's motion, as

10   well as an opposition to the motion.  (ECF No. 72.)

11       Defendant argues that Plaintiff's motion for summary judgment constitutes an

12   unauthorized sur-reply, fails to comply with the Eastern District Local Rules and the Federal

13   Rules of Civil Procedure, and on its face fails to meet the standard necessary to grant summary

14   judgment.  The Court agrees.

15       A big portion of Plaintiff's motion is devoted to addressing arguments and assertions

16   raised by both parties in response to Defendant's motion for summary judgment.  Indeed, the

17   entire section titled "Defendant's Arguments Are Weak and Inaccurately State The Facts" (ECF

18   No. 71 at 6-10) solely addresses Defendant's motion for summary judgment and reply thereto.

19   Further, the section titled "The Two Rules Violations Entitle Plaintiff to Injunctive Relief" (ECF

20   No. 71 at 12) begins to support Plaintiff's reply to summary judgment and proceeds to attack the

21   evidence submitted by Defendant in support of his motion for summary judgment.   Thus,

22   Plaintiff's motion appears to be an inappropriate and unauthorized sur-reply to Defendant's

23   motion for summary judgment.[2]

24       In addition, Plaintiff failed to comply with Local Rule 260(a) by failing to "enumerate

25   discretely each of the specific material facts relied upon in support of the motion and cite the

26   particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or

27   _____

28   [2] In fact, on August 26, 2022, Plaintiff sought permission to file a sur-reply which was denied on August 29, 2022.
     (ECF Nos. 69, 70.)

1    other document relied upon to establish that fact."  Only one of Plaintiff's statements of fact

2    complies with Local Rule 260(a), and the remainder fail to cite to any evidence, do not identify

3    discrete and individual facts, and do nothing more than restate the allegations in Plaintiff's third

4    amended complaint.  Accordingly, Plaintiff has failed to comply with Local Rule 260, which

5    warrants denial of the motion for summary judgment.  See, e.g., Luna v. Hoa Trung Vo, No. CV

6    08-1962 AWI SMS, 2010 WL 4878788, at *2 (E.D. Cal. Nov. 17, 2010) (denying summary

7    judgment because "Plaintiff's proffered 'Statement of Undisputed Facts' violates Local Rule 260

8    in that it fails to allege each of the material facts that Plaintiff relies upon to support … summary

9    judgment."); Jones v. Woodward, No. 1:14-cv-02084-LJO-SAB (PC), 2016 WL 7374585, at *7

10   (E.D. Cal. Dec. 19, 2016) (finding and recommendation recommending denial of summary

11   judgment because purported statement of undisputed fact "fails to enumerate each specific piece

12   of material relied upon for support."), adopted February 13, 2017.  Plaintiff's motion for

13   summary judgment is nothing more than legal arguments devoid of specific reference to the

14   documentation and evidence in support of such claims. The parties bear the burden of supporting

15   their motion and opposition with the papers they wish the Court to consider and/or by

16   specifically referencing any other portions of the record they wish the Court to consider. Fed. R.

17   Civ. P. 56(c); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir.

18   2001). The Court will not undertake to mine the record for triable issues of fact. In re Oracle

19   Corp. Securities Litigation, 627 F.3d 376, 386 (9th Cir. 2010); Simmons v. Navajo County,

20   Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Carmen v. San Francisco Unified School Dist., 237

21   F.3d at 1031. Accordingly, Plaintiff, as the moving party, has failed to produce evidence to meet

22   his initial burden of proof, and the burden therefore has not shifted to Defendant.[3]

23   Thus, Plaintiff's motion for summary judgment should be denied.  In any event, for the reasons

24   explained below, Defendant's motion for summary judgment should be granted.

25   ///

26

27   [3] To the extent Plaintiff is attempting to raise an additional and independent claim under the Due Process Clause of
     the Fourteenth Amendment, he cannot do so.  As stated in the Court's December 16, 2020 Findings and
     Recommendations (which were adopted in full), any due process claim is not viable and was dismissed from the
28   action.  (ECF Nos. 19, 20.)

1        **D.     Analysis of Defendant's Motion**

2       Defendant argues the evidence demonstrates that none of Soto's actions were retaliatory

3 and that all of Soto's actions were in furtherance of legitimate penological goals.  First,

4 Plaintiff's claim that property was confiscated on January 24, 2019, was in retaliation for a letter

5 Plaintiff sent to the warden at VSP on June 24, 2019 fails because it is logically and temporally

6 impossible.  Plaintiff admitted during his deposition that he alleged confiscation of his compact

7 discs on January 24, 2019 was not in retaliation.  Second, Plaintiff's admission that he was in

8 possession of another inmate's property in violation of prison regulations demonstrates the

9 reasonableness of the August 28, 2019 RVR filed by Soto.  Third, Soto was not involved in the

10 preparation, review, or prosecution of the September 17, 2019 RVR filed against Plaintiff and

11 cannot form the basis for Plaintiffs claim of retaliation.

12       Plaintiff argues that Defendant Soto "initiated a highly abusive search and interrogation

13 of Plaintiff in violation of CDCR policy and in violation of the U.S. Constitution."  (Pl. Opp'n at

14 2.)  Although no evidence relevant to an investigation was produced, Plaintiff still received two

15 separate RVRs.  (Id.)

16       "Prisoners have a First Amendment right to file grievances against prison officials and to

17 be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

18 (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a

19 viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a

20 state actor took some adverse action against an inmate (2) because of (3) that prisoner's

21 protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

22 rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v.

23 Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, Plaintiff

24 must establish a nexus between the retaliatory act and the protected activity.  Grenning v.

25 Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).  Mere verbal harassment or abuse does

26 not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. §

27 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  In addition, threats do not

28 rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

To prove retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. Cal. Dep't Corr. Rehab., 647 F.3d 870, 882-83 (9th Cir. 2011); accord, Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882 (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002)).

The Ninth Circuit has found that preserving institutional order, discipline and security are legitimate penological goals which, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of First Amendment rights must be analyzed in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners."). The burden is thus on plaintiff to allege and demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("[Plaintiff] must show that there were no legitimate correctional purposes motivating the actions he complains of.").

1.   Confiscation of Property on January 24, 2019

Plaintiff concedes that the theft of the CDs was not in retaliation, but was rather a component of Plaintiff's impetus for writing the letter to the warden which then later resulted in retaliatory behavior.  (Pl. Opp'n at 6; UF 6, 7.)  Plaintiff's third amended complaint does not set forth the exact date that his discs were taken; however, at his deposition, Plaintiff testified that

10

1   the discs were taken on January 24, 2019, and not August 27, 2019.   (UF 7, 8, 19.)   Considering

2   the discs were confiscated before the June 24, 2019 letter to the warden, it is impossible for the

3   discs to have been confiscated in retaliation.

4          Plaintiff's allegations of property confiscation cannot have been done out of retaliation.

5   Plaintiff admits that his television was seized on January 24, 2019 and replaced on February 4,

6   2019.  (Pl. Opp'n at 24-25, Ex. A.)  Plaintiff also confirms that his four CDs were confiscated

7   during the January 24, 2019 search of his cell.  (Pl. Opp'n at 2-3.)  To this end, Plaintiff submits

8   sales order forms which significantly predate his June 24, 2019 letter to the warden.  (Pl. Opp'n

9   at 38-40, Ex. L.)   Plaintiff also claims that more recently – after the events alleged in the

10  operative complaint – he had a television confiscated and replaced.  (Pl. Opp'n at 11, Ex. H.)

11  Plaintiff references an appeal claim response and appeal claim release form for unrelated

12  grievance log no. 112471.  (Pl. Opp'n at 35-37, Exs. I, J, K.)  These allegations are noted to be

13  related to Plaintiff's grievance "where you [Plaintiff] assert you are missing property since your

14  transfer to the Administrative Segregation Unit on March 8, 2021."  (Pl. Opp'n at 35, Ex. I.)

15  However, none of these events can be in retaliation for the Une 24, 2019 letter or even related to

16  Defendant Soto.  In each instance, the events occurred well before the June 24, 2019 letter to the

17  warden or are admitted by Plaintiff to have occurred well after without any indication of

18  Defendant Soto's involvement.  Accordingly, summary judgment should be entered in favor of

19  Defendant on this subclaim.

20          3.   RVR Dated August 28, 2019

21          As an initial matter, and detrimental to Plaintiff's claim of retaliation, there is no

22  evidence to demonstrate that Defendant Soto had knowledge of the June 24, 2019, letter, and

23  indeed the undisputed evidence demonstrates otherwise.  Plaintiff admitted under oath at his

24  deposition that he has no evidence Defendant Soto was aware of Plaintiff's June 24, 2019 letter

25  to the warden (Pl. Dep. at 103:2-10) and he never spoke with Soto about the letter to the warden

26  (UF 13.)  Defendant Soto denies having any knowledge of the letter to the warden prior to the

27  initiation of this litigation.  (Soto Decl. ¶ 13.)

28  ///

1       Lieutenant E. Guthery declares that he completed a review of letters sent by Plaintiff and

2  any response from VSP staff.  (Guthery Decl. ¶ 7.)  Plaintiff's June 24, 2019 letter to the warden

3  did not name any officers by name, did not allege a risk of physical harm to Plaintiff, and did not

4  identify any immediate or impending action being taken by staff at VSP.  (Id.)  As such, by way

5  of letter response on July 1, 2019, Plaintiff was instructed to file his complaint with the prison

6  grievance process in order to initiate an investigation into the matter.   (Guthery Decl. ¶ 7, Ex.

7  C.)  Therefore, because no staff members were specifically identified, VSP staff could not have

8  identified any staff to inform of the June 24, 2019 letter.  (Guthery Decl. ¶ 7.)  Accordingly, the

9  letter response issued to Plaintiff on July 1, 2019 did not result in an investigation outside of the

10  602 grievance and appeals process.  (Guthery Decl. ¶ 8.)

11      Further, there is no circumstantial evidence to demonstrate Defendant Soto had

12  knowledge of Plaintiff's June 24, 2019 letter to the warden.  To avoid summary judgment, the

13  nonmovant cannot rest solely on conclusory allegations, Berg v. Kincheloe, 794 F.2d 457, 459

14  (9th Cir. 1986), but must present "specific facts showing there is a genuine issue for

15  trial[,]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Circumstantial knowledge

16  may be demonstrated by some proximity in time between the protected conduct and the allegedly

17  retaliatory conduct.  Allen v. Iranon, 283 F.3d at 1077.  Here, more than two months passed

18  between Plaintiff's June 24, 2019 letter and the August 28, 2019 RVR.  Plaintiff admitted under

19  oath at his deposition that he has no evidence Defendant Soto was aware of Plaintiff's June 24,

20  2019 letter to the warden (Pl. Dep. at 103:2-10) and he never spoke with Soto about the letter to

21  the warden (UF 13.)  Defendant Soto denies having any knowledge of the letter to the warden

22  prior to the initiation of this litigation.  (Soto Decl. ¶ 13.)  Without notice, Plaintiff's claim of

23  retaliatory animus fails and Plaintiff's claim seems to only rely upon speculation that Defendant

24  Soto had a retaliatory motive, which is not sufficient.  Wood v. Yordy, 753 F.3d at 904.

25      Even if Plaintiff demonstrated that Defendant Soto had knowledge of the June 24, 2019

26  letter to the warden, he fails to present evidence to show a genuine issue of material fact as to a

27  legitimate penological interest in issuing the RVR dated August 28, 2019.  It is undisputed that

28  Plaintiff is a convicted sex offender.  (Pl. Dep. at 15-19.)  A search of his cell was conducted in

January 2019, in order to determine if Plaintiff was in possession of pornography.  (UF 5; Pl. Dep. at 33-36.)  Plaintiff admits that during this search, several photographs were confiscated and one included a picture of a child approximately 13 to 14 years old in a swimsuit on a diving board.  (Pl. Dep. at 35-36.)

A subsequent search was conducted on August 27, 2019, and several photographs were confiscated which included photographs of another inmate's son ranging from age 7 to 13 years old.[4]  (Pl. Dep. at 39.)  As a result of possessing another inmate's property, Plaintiff was issued RVR 6896600 for possession of another's property on August 28, 2019.  (Soto Decl. ¶10, Ex. B, ECF No. 55-2.)  Pursuant to California Code of Regulations, Title 15, section 3192, "[a]n inmate may not exchange, borrow, loan, give away or convey personal property to or from other inmates.  Violation(s) of this rules may result in disciplinary action, and confiscation and/or disposal of personal property."  Cal. Code. Regs. tit. 15, § 3192. Section 3192 is designed to prevent disputes amongst the inmates over personal property.  (Soto Decl. ¶ 12.); see also Lombardelli v. Halsey, No.  2012 WL 2529225, at *4 (E.D. Cal. June 29, 2012).  "Further, ensuring property is in possession of the inmate who owns it allows CDCR staff to identify the party responsible for the property and ensures CDCR staff issue any necessary charges to the appropriate inmate when contraband items are discovered.  Finally, prohibiting the exchange of property serves the important interest of preventing the sale and circulation of contraband items, such as photographs of children."  (Soto Decl. ¶ 12.)

Although Plaintiff contends that the issuance of the RVR on August 29, 2019 was motivated because Plaintiff had wrote a letter to the warden regarding Soto's prior alleged misconduct, Plaintiff has failed to raise a genuine dispute of fact with regard to the enforcement of section 4192 being a legitimate penological goal.  Indeed, Defendant Soto also issued an RVR to the other inmate was loaned the personal property to Plaintiff.  (Soto Decl. ¶ 10.)  The undisputed  facts  are  that  section 3192  is  designed  to  prevent  disputes  amongst inmates over personal property. Preventing  disputes  would  further  institutional  security,  a legitimate

---

[4] The parties agree that the photographs found in Plaintiff's cell on August 27, 2019, were not Plaintiff's property. (Pl. Opp'n at 18.)

penological goal. There is no evidence presented of an exception to section 3192. Thus, Defendant Soto's issuance of a RVR for possession of another inmate's photographs on August 27, 2019 was in furtherance of a legitimate penological goal. Actions taken in furtherance of a legitimate penological goal are not retaliatory in the prison context. Rizzo v. Dawson, 778 F.2d at 532.

Lastly, Plaintiff's claim that the August 2019 search was not pursuant to an investigation by SCC ISU is speculation and unsupported by the record.  The evidence submitted, filed under seal, reveals that Plaintiff was part of an ongoing investigation initiated at SCC regarding possession of sexual materials related to children which unquestionably serves a legitimate penological interest. (Soto Decl. ¶ 9; Hermosillo Decl. ¶ 6 Ex. A (filed under seal).)  The records and information obtained from Plaintiff's cell were relied upon by SCC investigators.  (Klein Decl. ¶¶ 7-8.)  Defendant has thus presented evidence of a legitimate correctional goal. Plaintiff, however, has not met his burden to prove "the absence of legitimate correctional goals for the conduct of which he complains." Pratt v. Rowland, 65 F.3d at 806.  In his opposition, he states without elaboration that the August 2019 search "served no purpose at all" and that the "'resulting RVR' had nothing to do with the supposed purpose for the search … It was because no pornography was found and because of seething retaliatory zeal that the resulting RVR was manufactured."  (Pl. Opp'n at 6-7.)  Yet, Plaintiff provides no evidence to dispute Defendant's assertions and evidence that identifying, preventing, reducing, and eliminating inappropriate sexual materials involving children is a legitimate correctional goal.  Rather, it appears that Plaintiff contends Soto could not have issued an RVR for violations while completing an otherwise valid search at the request of the SCC ISU.  However, prohibiting officers from issuing RVRs when an incidental rule violation is discovered would severely curtail the ability of prison officials to respond to events as they occur.  Defendant Soto issued the RVR based on the evidence and Plaintiff's own admission that he was in the possession of another inmate's property in violation of Title 15 section 3192.

Plaintiff now claims in opposition and contrary to his deposition testimony that it is "false" to state that he "admits nothing was confiscated from him during the August 27, 2019

1  search of his cell for his June 24, 2019 letter to the warden." (Pl. Opp'n at 19, ¶ 31.)  However,

2  in his verified operative complaint, Plaintiff alleges "On August 27, 2019, Sergeant Soto

3  retaliated against Plaintiff by confiscating almost all of his property.  After enormous effort,

4  Plaintiff received most of his property back minus the stolen discs and television." (ECF No. 17

5  at 6.)  During his deposition, Plaintiff was asked whether "anything was confiscated during the

6  August 2019 search that you claim was in retaliation for your complaint to the warden?"

7  Plaintiff clarified the question and confirmed "I want to make sure I understand the question.

8  Was anything taken from me that day?  No. Most of what was taken from me that day was

9  returned to me." (Pl. Dep. at 42.)  Plaintiff's allegations to the contrary are insufficient to meet

10 his burden of proof and are contradicted by the undisputed evidence.[5]  Plaintiff's unsubstantiated

11 allegations do not overcome his own prior admission under oath that the only property

12 confiscated was taken in January 2019, and there is no evidence that any property was

13 confiscated on August 27, 2019, in retaliation.  Because there is no genuine dispute of material

14 fact, the Court finds Defendant Soto is entitled to judgment as a matter of law regarding this

15 claim.

16         2.     RVR Dated September 17, 2019

17         Plaintiff admits that the September 17, 2019 RVR was not retaliatory.  (UF 21.)  Rather,

18 Plaintiff contends the RVR is false and fabricated.

19         As an initial matter, as stated above, there is no evidence to demonstrate that Defendant

20 Soto had knowledge of the June 24, 2019, letter, and indeed the undisputed evidence

21 demonstrates otherwise.  Plaintiff admitted under oath at his deposition that he has no evidence

22 Defendant Soto was aware of Plaintiff's June 24, 2019 letter to the warden (Pl. Dep. at 103:2-10)

23 and he never spoke with Soto about the letter to the warden (UF 13.)  Defendant Soto denies

24 having any knowledge of the letter to the warden prior to the initiation of this litigation.  (Soto

25 Decl. ¶ 13.)

26 ///

---

27 [5] To the extent Plaintiff is again referencing the confiscation of his television and CDs during the January 2019
search, it is undisputed that this search was prior to the June 24, 2019, letter to the warden and could not have been
28 done out of retaliation.

1   Lieutenant E. Guthery declares that he completed a review of letters sent by Plaintiff and

2   any response from VSP staff.  (Guthery Decl. ¶ 7.)  Plaintiff's June 24, 2019 letter to the warden

3   did not name any officers by name, did not allege a risk of physical harm to Plaintiff, and did not

4   identify any immediate or impending action being taken by staff at VSP.  (Id.)  As such, by way

5   of letter response on July 1, 2019, Plaintiff was instructed to file his complaint with the prison

6   grievance process in order to initiate an investigation into the matter.   (Guthery Decl. ¶ 7, Ex.

7   C.)  Therefore, because no staff members were specifically identified, VSP staff could not have

8   identified any staff to inform of the June 24, 2019 letter.  (Guthery Decl. ¶ 7.)  Accordingly, the

9   letter response issued to Plaintiff on July 1, 2019 did not result in an investigation outside of the

10   602 grievance and appeals process.  (Guthery Decl. ¶ 8.)

11   Further, there is no circumstantial evidence to demonstrate Defendant Soto had

12   knowledge of Plaintiff's June 24, 2019 letter to the warden.  To avoid summary judgment, the

13   nonmovant cannot rest solely on conclusory allegations, Berg v. Kincheloe, 794 F.2d 457, 459

14   (9th Cir. 1986), but must present "specific facts showing there is a genuine issue for

15   trial[,]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Circumstantial knowledge

16   may be demonstrated by some proximity in time between the protected conduct and the allegedly

17   retaliatory conduct.  Allen v. Iranon, 283 F.3d at 1077.  Here, almost three months passed

18   between Plaintiff's June 24, 2019 letter and the September 17, 2019 RVR.  Plaintiff admitted

19   under oath at his deposition that he has no evidence Defendant Soto was aware of Plaintiff's June

20   24, 2019 letter to the warden (Pl. Dep. at 103:2-10) and he never spoke with Soto about the letter

21   to the warden (UF 13.)  Defendant Soto denies having any knowledge of the letter to the warden

22   prior to the initiation of this litigation.  (Soto Decl. ¶ 13.)  Without notice, Plaintiff's claim of

23   retaliatory animus fails and Plaintiff's claim seems to only rely upon speculation that Defendant

24   Soto had a retaliatory motive, which is not sufficient.  Wood v. Yordy, 753 F.3d at 904.

25   Nonetheless, even if Plaintiff demonstrated that Defendant Soto had knowledge of the

26   June 24, 2019 letter to the warden, he fails to present evidence to show a genuine issue of

27   material fact as to a legitimate penological interest in issuing the RVR on September 17, 2019.

28   As an initial matter, and detrimental to Plaintiff's claim, it is undisputed that Defendant Soto was

not consulted on or involved in the preparation or submission of RVR No. 6906242.   (Klein Decl. ¶ 10; Soto Decl. ¶ 14; UF 22.)   Further, officer Klein, who issued RVR No. 6906242, declares:

> On July 9, 2019 I conducted an interview with [Plaintiff] at Valley State Prison. [Plaintiff] admitted to writing letters with other inmates regarding his attraction to young boys.  [Plaintiff] advised he provided an inmate at SCC the name of an individual outside of CDCR custody who would send picture of young boys, but that [Plaintiff] had never corresponded directly with this outside individual.  [Plaintiff] advised he received an unsolicited photo of a young boy from an inmate at SCC.  [Plaintiff] denied he sold any of these photographs, but said he believed selling the photos was a genius idea and encouraged an inmate at SCC to sell the photographs for profit to inmates who are attracted to minor children.  [Plaintiff] advised he has received other photographs of the cousin of an inmate at SCC.   Based upon these statements, I concluded [Plaintiff] admitted he encouraged another inmate to purchase and sell photographs and implicated himself in a conspiracy to introduce obscene materials in a state prison for the purpose of satisfying inmates' sexual desires.

(Klein Decl. ¶ 9.)   As a result, officer Klein issued an RVR (No. 6906242) on September 17, 2019, against Plaintiff for behavior which encourages illegal sexual acts in violation of Title 15 section 3007-behavior which encourages illegal sexual acts-for which he was found guilty.[6] (Klein Decl. ¶ 10, Ex. B.)

The RVR specifically noted that charge stemmed from "an ongoing investigation opened on January 28, 2019, after incoming mail was discovered addressed to inmate ALVAREZ BB0167."  (Klein Decl. Ex. B.)   In investigating inmate Alvarez for possession and/or distribution of  obscene materials, it was determined that Plaintiff was "a co-conspirator in providing inmate ALVAREZ BB-0167 with instructions and information on how to contact 'Leopold Peters' as a means to introduce and distribute photographs depicting different degrees of human nudity."  (Klein Decl. Ex. B.)

Title 15 section 3007 clearly serves a legitimate penological purpose as it prohibits inmates participating in illegal sexual acts and prevents them from deliberately placing themselves in situations and behaving in a manner which is designed to encourage illegal sexual

---

[6] The RVR noted that Plaintiff was charged with section 3007 because the "Strategic Offender Management System (SOMS) currently does not have a drop down box application to the violation of the California Code of Regulations, Title 15, section 3006(c)(15)(A)(B).  The most relevant charge listed within the drop box in SOMS is 3007."  (Klein Decl. Ex. B.)

1  acts.  Cal. Code Regs. tit. 15, § 3007.  Title 15 section 3006, defines obscene material as

2  "material taken as a whole, which to the average person, applying contemporary statewide

3  standards, appeals to the prurient interest …" and if "from the nature of the matter or the

4  circumstances of its dissemination, distribution, or exhibition that it appeals to deviant sexual

5  groups." Cal. Code Regs. tit. 15, § 3006(c)(15)(A)(B).

6      Possession of materials which appeal to the sexual interest in children clearly serves a

7  legitimate penological interest in preserving safety, preventing recidivism, and preventing

8  disputes over ownership of such materials which can result in assaults among inmates.  See, e.g.,

9  Nelson v. Woodford, 249 Fed. Appx. 529, 530 (9th Cir.2007) ("The district court properly

10  concluded that the regulations prohibiting Nelson's possession of obscene or sexually explicit

11  material, 15 Cal. Code Reg. §§ 3006(c)(15) & (17), respectively, are constitutional because the

12  regulations' underlying policies are reasonably related to legitimate penological interests.");

13  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (prison security, deterrence of crime, and

14  rehabilitation of prisoners are legitimate governmental interests); Mauro v. Arpaio, 188 F.3d

15  1054, 1059 (9th Cir. 1999) (same).

16      In opposition, Plaintiff submits a declaration by inmate Alvarez who declares that

17  Plaintiff never "exchanged obscene material or information concerning where, how, or from

18  whom obscene material may be obtained." (Pl. Opp'n, Ex. M.)  However, contrary to Alvarez's

19  declaration, Plaintiff admits that he was found guilty of "conspiring to introduce and distribute

20  obscene material within the institution. (Pl. Opp'n at 19, ¶ 32.)  In addition, Defendant has not

21  identified the individual Plaintiff is alleged to have provided Leopold Peter's name to in any

22  publicly available document, but has submitted documentation under seal which confirms

23  Plaintiff did provide an inmate at SCC with Leopold Peter's name.  (Klein Decl., Ex. A (filed

24  under seal).)  A review of the investigative record (filed under seal) and Plaintiff's own

25  admission reveals that even if Alvarez's statements are true, it is immaterial.  Plaintiff admits and

26  it is undisputed that he provided contact information for an individual outside of CDCR that

27  could provide pictures of young boys to inmates. (UF  14, 15.)  Whether the information was

28  provided to Alvarez or some other inmate, it is sufficient to demonstrate a violation of Title 15

1   sections 3006(c)(15)(A)(B) and 3007.

2        Based on the evidence presented, Plaintiff has failed to demonstrate a genuine issue of

3   material fact as to whether his cell was searched in September 2019 in retaliation and/or whether

4   the RVR was issued in retaliation.  Consequently, summary judgment should be granted in favor

5   of Defendant Soto.[7,8]

6                                                              **IV.**

7                                              **RECOMMENDATIONS**

8        Based on the foregoing, it is HEREBY RECOMMENDED that:

9        1.       Plaintiff's motion for summary judgment be denied;

10       2.       Defendant's motion for summary judgment be granted; and

11       3.       The Clerk of Court be directed to enter judgment in favor of Defendant.

12       These Findings and Recommendations will be submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-**

14   **one (21) days** after being served with these Findings and Recommendations, the parties may file

15   written objections with the Court.  The document should be captioned "Objections to Magistrate

16   Judge's Findings and Recommendations."  The parties are advised that failure to file objections

17   within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler,

18   772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.

19   1991)).

20   IT IS SO ORDERED.

21   Dated:   __December 1, 2022__

22                                              UNITED STATES MAGISTRATE JUDGE

23

---

24   [7] Plaintiff's attempt to add a new theory of retaliation that is not alleged in the complaint and asserted for the first

25   time in his opposition to summary judgment, is not allowed.  See Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh

26   out inadequate pleadings."); Trishan Air, Inc. v. Federal Ins. Co., 635 F.3d 422, 435 (9th Cir. 2011) (affirming dismissal of claim that was raised for the first time in opposition to summary judgment).  Accordingly, Plaintiff cannot raise a number of new allegations of retaliation.

27

28   [8] Because the Court finds Defendant's motion for summary judgment should be grant on the merits, it need not reach the issue of qualified immunity.